IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN WEBB #415339 | § | |
| v. | § | CIVIL ACTION NO. 9:08cv74 |
| FREDDIE ENGLISH | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff John Webb, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Webb complained about a confiscation of his boots by Officer English. After review of the pleadings, the Magistrate Judge issued a Report on April 25, 2008, recommending that the lawsuit be dismissed. The Magistrate Judge observed that the Supreme Court has held that deprivations of property by prison officials, even when intentional, do not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists. Hudson v. Palmer, 468 U.S. 517, 533 (1984); *see also* Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on grounds not relevant here). These cases together set out the *Parratt/Hudson Doctrine*, which states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *See* Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991). As the Magistrate Judge stated, Fifth Circuit precedent holds that three pre-deprivation conditions must exist before the doctrine can be applied. These are: (1) that the deprivation be unpredictable; (2) that pre-deprivation process be impossible, making any

additional safeguard useless; and (3) that the conduct of the state actor be unauthorized. Where these conditions exist, the State cannot be required to do the impossible by providing pre-deprivation process. Charbonnet v. Lee, 951 F.2d 638, 642 (5th Cir. 1992), *citing* Zinermon v. Burch, 494 U.S. 113 (1990); Myers v. Klevenhagen, 97 F.3d 91, 94-95 (5th Cir. 1996).

In this case, the Magistrate Judge said, Webb's pleadings showed that the deprivation of his property through the confiscation of his boots was a random and unauthorized deprivation, and so pre-deprivation process was not possible. *See* Myles v. Collins, slip op. no. 91-2673 (5th Cir., August 19, 1993) (unpublished) (inmate claimed that his fan was unlawfully taken under contraband regulations when it was not contraband; the Fifth Circuit stated that the Parratt rule applied because the inmate did not allege that the procedures were unconstitutional or that these procedures themselves caused the deprivation); *accord*, Holloway v.Walker, 784 F.2d 1287, 1292 (5th Cir. 1986); Collins v. King, 743 F.2d 248, 254 (5th Cir. 1984).

The Magistrate Judge further determined that an adequate state post-deprivation remedy exists, in the form of the administrative processes of TDCJ-CID or a state court conversion lawsuit. *See* Simmons v. Poppell, 837 F.2d 1243 (5th Cir. 1987); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). The Magistrate Judge therefore concluded that the appropriate forum for Webb's claim lies in the state post-deprivation remedy processes, and recommended that the lawsuit be dismissed.

Webb filed objections to the Magistrate Judge's Report on May 2, 2008. In his objections, Webb says that his lawsuit sets out a constitutional claim in that there is an equal protection violation; he states that his boots were his property and he was deprived of his property without just compensation. He says that English's actions served no penological interest and were taken in bad faith. Webb also contends that pre-deprivation process was not impossible, but was in fact possible, because of the existence of an administrative directive informing Webb of safeguards associated with the unlawful confiscation of an inmate's property.

Webb's contentions, if accepted, would essentially nullify the Supreme Court's decisions in Parratt and Hudson. English's action in confiscating his boots was unpredictable by the prison administration because it was unauthorized, and the prison administration could not provide him with pre-deprivation process, prior to an unpredictable and unauthorized confiscation of his boots. To show that pre-deprivation process is required, the plaintiff must show that a defective established procedure itself, as opposed to wrongful acts done in the course of following an established procedure, caused the deprivation at issue. Holloway, 784 F.2d at 1292. Webb has wholly failed to make such a showing, and so his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous as to its refiling in federal court, but DISMISSED without prejudice as to any claims in state court or through the administrative processes of TDCJ-CID which Webb may wish to pursue. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **May, 2008.**

_____
Ron Clark, United States District Judge